324 F.2d 95
 UNITED STATES of America, f/u/b/o Henry J. LARKIN, d/b/a
Larkin Company, Plaintiff, Appellant,
v.
PLATT CONTRACTING CO., Inc., et al., Defendants, Appellees.
Henry J. LARKIN, d/b/a Larkin Company, Defendant, Appellant,
v.
CONTINENTAL CASUALTY COMPANY et al., Appellees.
 Nos. 6140, 6165.
 United States Court of Appeals First Circuit.
 Heard Oct. 8, 1963.
Decided Nov. 12, 1963.
 
 Henry J. Larkin on brief in Nos. 6140 and 6165, pro se.
 Lee H. Kozol, Boston, Mass., with whom Frank L. Kozol and Friedman, Atherton, Sisson & Kozol, Boston, Mass., were on brief, for Platt Contracting Co., Inc., appellee, in No. 6140.
 John W. Blakeney and Blakeney & Blakeney, Boston, Mass., were on brief for Continental Cas. Co., and others, appellees, in No. 6140.
 Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.
 WOODBURY, Chief Judge.
 
 
 1
 These are appeals from two orders of the United States District Court for the District of Massachusetts, one dated March 25, 1963, and the other dated May 21, 1963.
 
 
 2
 On December 13, 1961, the appellant Larkin recovered a judgment in the court below under the Miller Act, 40 U.S.C. 270a-270d against Platt Contracting Co., Inc., a principal contractor, and its sureties, Continental Casualty Company and American Employers Insurance Company. The judgment was for the amount of $7,344.67 with interest and costs out of which it was ordered that an attorney's lien of $2,039.14 be paid to one Foley for services rendered to Larkin in the suit. This court affirmed the judgment in July, 1962. United States for the Use and Benefit of Larkin v. Platt Contracting Company, Inc., et al., 1st Cir., 306 F.2d 724, cert. denied, 371 U.S. 924, 83 S.Ct. 293, 9 L.Ed.2d 232 (1962).
 
 
 3
 The district court issued an execution on the judgment on December 27, 1962, but on January 25, 1963, it revoked this execution. Then, on February 14, 1963, the defendants filed a motion for stay of execution supported by an affidavit alleging the existence of an injunction issued by the Massachusetts Superior Court in a 'Bill to Reach and Apply' brought against them and Larkin by one Krulee which restrained them from making any payment to Larkin on his judgment of December 13, 1961. The affidavit also alleged that the defendants were being subjected to demands and legal proceedings by one Phillips for satisfaction of a judgment held by him against Larkin in the sum of $559.08.
 
 
 4
 On March 25, 1963, the court below allowed the defendants' motion for a stay of execution, denied Larkin's motion to strike the defendants' motion for stay and his motion to issue execution, and ordered that Larkin and his attorneys 'including but not limited' to one Sharon of New York, 'and the United States Marshal of any Federal District Court and his Deputies and each of them be stayed, restrained and enjoined from instituting or maintaining any proceedings directly or indirectly to enforce or collect the Judgment of this Court dated December 13, 1961, and more particularly from compelling or attempting to compel Chase Manhattan Bank, New York City, New York, to pay over any monies to the plaintiff, Larkin, or instituting or maintaining any process or procedure in connection therewith.' In addition the court below further ordered the 'aforementioned persons and parties' forthwith 'to surrender and deliver up' to the clerk of the court 'any and all executions in their possession issued upon the aforementioned Judgment and to surrender and return all other executions issued by the Clerk of any other Federal District Court in any supplemental proceeding or fieri facias seeking satisfaction of said Judgment.' Larkin's appeal from this order bears our docket number 6140.
 
 
 5
 Subsequently, on May 7, 1963, Continental Casualty Company, deposited the amount of the judgment of December 13, 1961, into the registry of the Court below and on its own behalf and in behalf of Platt Contracting Company, Inc., and American Employers Insurance Company, filed a complaint in the court below for interpleader under Title 28 U.S.C. 1335 against Larkin, Foley and Krulee, who it was alleged had recovered a final judgment in the gross amount of $5,681.52 in her 'Bill to Reach and Apply' in the Massachusetts Superior Court, and Phillips, who was alleged to be a judgment creditor of Larkin in New York, whose proceedings against Continental were still pending. Continental also moved for a preliminary injunction restraining Larkin, Foley, Krulee and Phillips, from prosecuting or maintaining any action against any of the plaintiffs in interpleader concerning Larkin's judgment against them of December 13, 1961. The court below granted Continental's motion for preliminary injunction. Larkin's appeal therefrom bears our docket number 6165.
 
 
 6
 The jurisdiction of this court over both of these appeals, if it exists, must be found in Title 28 U.S.C. 1292(a)(1) for clearly neither of the orders is a final decision within the meaning of Title 28 U.S.C. 1291. We think the order of May 21, 1963, is an interlocutory order granting an injunction within the meaning of 1292(a)(1), supra, for it is directory in form and effect, and injunctive relief is specifically authorized as supplementary process in actions of interpleader by Title 28 U.S.C. 2361.
 
 
 7
 The order of March 25, 1963, does not so clearly fall within Title 28 U.S.C. 1292(a)(1). Yet the substance and effect of the two orders is identical except for the enlargement of parties in the later order. We find that the similarity of the order of March 25, 1963, to that of May 21, 1963, requires that we hold that it also constitutes an interlocutory order granting an injunction under 1292(a)(1). Holding that we have jurisdiction, we affirm.
 
 
 8
 The district courts have discretionary power under Rule 62(b) Fed.R.Civ.P. to 'stay the execution of or any proceedings to enforce a judgment pending the disposition' of motions for relief from a judgment made pursuant to Rule 60, and Rule 60(b) empowers the district courts to afford relief from final judgments for five specific reasons, none of which are present here, '* * * or (6) any other reason justifying relief from the operation of the judgment.' No abuse of discretion appears. On the contrary, the facts of record afford strong basis for relief from the operation of Larkin's judgment by the stay of execution granted by the court's order of March 25, 1963.
 
 
 9
 The injunctive relief afforded by the court's order of May 21, 1963, is, as noted above, authorized by 2361, supra. On the facts such relief is clearly indicated.
 
 
 10
 Judgments will be entered affirming the orders of the District Court.